```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
O'NEIL SCOTT,                                               :
                                                            :
                                  Petitioner,               :    19-CV-3322 (VSB)
                                                            :
               -against-                                    :    16-CR-0029-01 (VSB)
                                                            :
                                                            :    OPINION & ORDER
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                                  Respondents.              :
------------------------------------------------------------X
```

Appearances:

O'Neil Scott
FCI Ray Brook
128 Ray Brook Road
Ray Brook, NY
*Pro Se Petitioner*

Christopher Joseph Dimase
Margaret Graham
U.S. Attorney's Office, SDNY
New York, NY
*Counsel for Respondent*

VERNON S. BRODERICK, United States District Judge:

      I am in receipt of Petitioner O'Neil Scott's *pro se* petition for habeas relief. In his 28 U.S.C. § 2255 petition, Scott makes two arguments: (1) that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal from the judgment of conviction, and (2) that I made an error in his sentencing by not crediting the time he served between 2016–2019. Because Scott requested his attorneys file a notice of appeal and the attorneys failed to file a notice of appeal, Scott's habeas petition related to his claim of ineffective assistance is GRANTED. Because Scott's 2010 robbery conviction is not related to his 2014 robbery

conviction, Scott is not entitled to credit for his time in prison between 2016 and 2019, so his request for such credit is DENIED. With regard to Scott's motion pursuant to 18 U.S.C. § 3585(b), because I do not have jurisdiction Scott's motion 18 U.S.C. § 3585(b) is DENIED.

I.      **Background**

In August 2014, Scott was arrested and charged in the Southern District of New York with participation in a September 2010 gunpoint robbery of a marijuana dealer in the Bronx, New York (the "2010 Robbery"). *See* Sentencing Tr. at 13, 23, *USA v. Scott,* No. 14-cr-260 (S.D.N.Y. 2014), ECF No. 15. On April 21, 2015, following his guilty plea, Judge P. Kevin Castel sentenced Scott to 63 months' imprisonment ("2010 Robbery Sentence"). *Id.*

In January 2016, while serving the 2010 Robbery Sentence, Scott, along with two co-defendants, was indicted by a federal grand jury on charges relating to a series of robberies committed in 2014 ("2014 Robberies"). (*See* Sealed Indictment, *USA v. Scott et al.*, No. 16-cr-29 (S.D.N.Y. 2016), ECF No. 2.)[1] On December 23, 2016, the Government filed a superseding information, Scott waived indictment, and consented to proceed by information. (Superseding Information, *USA v. Scott et al.*, No. 16-cr-29 (S.D.N.Y. 2016), ECF Nos. 38–39.) The charges in the Superseding Information alleged that Scott was involved in six robberies, the last of which involved a kidnapping that resulted in the death of the victim. (Sentencing Transcript, *USA v. Scott et al.*, No. 16-cr-29 (S.D.N.Y. 2016), ECF No. 59.)

After review of Rule 16 discovery, defense counsel Bobbi Sternheim ("Sternheim") conferred with the Government concerning whether the 2010 Robbery constituted conduct related to the 2014 Robberies. (Doc. 19.) The Government confirmed that the 2010 Robbery was not related to the 2014 Robberies. *Id.* Defense counsel states that she informed Scott that

---

[1] The Indictment was unsealed on January 19, 2016.

the issue regarding relevant conduct was investigated, that counsel could find no evidence that the 2010 Robbery and 2014 Robberies were related, and that the government confirmed that the prior robbery did not constitute relevant conduct. *Id.*

On December 23, 2016, Scott pled guilty pursuant to a plea agreement with the Government to participating in a robbery conspiracy from 2013 to 2014 and conspiring to kidnap Wayne Thomas in March 2014 ("2014 Robbery Conviction"). The plea agreement contained, among other things, the following appellate waiver:

> It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence at or below the Stipulated Guidelines Sentence of life imprisonment, and (ii) that the Government will not appeal any sentence at or above the Stipulated Guide lines Sentence.

(Doc. 14 at 7.)

During sentencing, the Government reiterated its position that the 2010 Robbery was not relevant conduct to the 2014 Robberies because the robberies occurred three years apart, involved different participants, and different robbery victims. (Sentencing Tr. at 29–30, *USA v. Scott et al.*, No. 16-cr-29 (S.D.N.Y. 2016), ECF No. 59.) Defense counsel did not object to this characterization. (*See id.*) I calculated Scott's guideline range to be life, and both parties agreed with my calculation. (*Id.* at 10.) I sentenced Scott to 20 years' imprisonment on Count One and 25 years on Count Two to run concurrently with each other, and consecutive to the sentence imposed by Judge Castel for the 2010 Robbery. (*Id.* at 39.) I also advised Scott that any notice of appeal had to be filed within fourteen days of the filing of judgment of conviction. (*Id.* at 41.) The judgment was entered on March 18, 2019. (Doc. 58.) Defendant did not file an appeal within 14 days.

On April 11, 2019, Scott filed the instant petition *pro se*, alleging that counsel had failed to file a notice of appeal as instructed and requesting credit for time he spent in custody between 2016 and 2019. (Doc. 1.) On April 16, 2019, I ordered the Government to file an answer within sixty days. (Doc. 3.) On April 29, 2019, the Government filed a letter motion requesting that I direct defense counsel file an affidavit responding to the ineffective assistance of counsel claims in Scott's petition, and for an extension to file their response. (Doc. 7.) On May 1, 2019, I granted the request and ordered Scott to execute and return an attorney-client privilege waiver form within 60 days. (Doc. 8.) On June 17, 2023, Scott filed an executed waiver of attorney-client privilege form. (Doc. 9.) On October 31, 2019, I noted that Petitioner's former trial counsel had not submitted their affidavits, and ordered that they submit their affidavits on or before November 13, 2019. (Doc. 10.) On November 12, 2019, Bobbi Sternheim filed an affidavit responding to the complaint. (Doc. 19.) On February 26, 2020, the Government filed their response to Scott's complaint. (Doc. 14.) On March 30, 2020, Petitioner filed a motion to compel the Government's response. (Doc. 15.) On May 4, 2020, I ordered the Government to either file an affidavit of service or serve the Petitioner with its letter response and file an affidavit of service of the letter within 7 days of the letter. (Doc. 16.) I further ordered the Petitioner to respond to the Government's letter within 30 days of service. (*Id.*) On May 5, 2020, the Government filed a letter stating that they had mailed another copy of the opposition to Petitioner. (Doc. 17.) On October 13, 2022, I issued an order noting that Petitioner had not filed a reply, and granting Petitioner one last chance to respond to the Government's opposition. (Doc. 18.) Petitioner did not file a reply.

## II. Legal Standards

### A. *28 U.S.C. § 2255*

Section § 2255(a) of Title 28 of the United States Code provides, in relevant part, that:

> (a) [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Relief under § 2255 is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). The statute also provides that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). However, the filing of a § 2255 motion does not, by itself, obligate the district court to conduct an evidentiary proceeding. *Newfield v. United States*, 565 F.2d 203, 207 (2d Cir. 1977) (filing of motion "does not entitle petitioner automatically to a hearing"). To warrant a hearing on an ineffective assistance of counsel claim, a defendant must establish that he has a "plausible claim of ineffective assistance of counsel," but need not show that "he will necessarily succeed on the claim." *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (internal citations and quotation marks omitted).

A challenge to a Court's relevant conduct determination pursuant to § 5G1.3(b) of the United States Sentencing Guidelines is appropriately brought under § 2255. *Jackson v. Killian*,

5

No. 08 CIV. 4386 (SAS), 2009 WL 1835004, at *3 (S.D.N.Y. June 23, 2009).[2]  Generally, to qualify as relevant conduct, the conduct "must occur in the course of commission of the offense of conviction." *United States v. Wernick*, 691 F.3d 108, 115 (2d Cir. 2012).  It would be "inappropriate to apply section 5G1.3(b) to a defendant's convictions that arose from two completely unrelated offenses." *Jackson*, 2009 WL 1835004, at *3 (cleaned up).

To establish his case, a petitioner must meet the standards set forth in § 2255, and also prove by a "preponderance of the evidence that his constitutional rights have been violated." *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013).

### B. *Pro Se Pleadings*

It is well established that the submission of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006)) (emphasis in original).  Further, *pro se* habeas petitions "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up).  The liberal construction requirements for *pro se* litigants carry particular weight when courts consider habeas filings, given that "[t]he writ of habeas corpus plays a vital role in

---

[2] Section 1B1.3(a) of the Sentencing Guidelines explains that relevant conduct includes, in pertinent part:

(1)(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were —

(i) within the scope of the jointly undertaken criminal activity,

(ii) in furtherance of that criminal activity, and

(iii) reasonably foreseeable in connection with that criminal activity;

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; . . .

6

protecting constitutional rights." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

### C. *Ineffective Assistance of Counsel*

To prevail on a claim of ineffective assistance of counsel, Petitioner must establish (1) that counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability that but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984).

A lawyer "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). If that error leads to "the forfeiture of a proceeding itself," prejudice from the error is presumed. *Id.* at 483–84; *see also Hernandez v. United States*, 202 F.3d 486, 488–89 (2d Cir. 2000). The presumption of prejudice established in *Flores-Ortega* applies even where the defendant has signed a plea agreement waiving his right to appeal. *Flores-Ortega*, 528 U.S. at 471; *see also Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006).[3] Lastly, counsel has a duty to consult with a defendant about an appeal where the "particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega,* 528 U.S. at 480.

### III. Discussion

### A. *Ineffective Assistance*

Scott argues that his counsel's failure to file a notice of appeal after his directions to do so rendered Sternheim's assistance ineffective. Specifically, Scott contends that he requested

---

[3] "We do not cut corners when Sixth Amendment rights are at stake. A defendant who executes a waiver may sign away the right to appeal, but he or she does not sign away the right to the effective assistance of counsel." *Campusano,* 442 F.3d at 777.

7

Sternheim and co-counsel Grainne E. O'Neill ("O'Neill") file a notice of appeal within the 14-day window to appeal, and that they failed to do so despite his explicit instructions.

Petitioner reached out to counsel on March 25, 2019, regarding the possibility of an appeal.  *See* Doc. 14 at 12. ("[I] am currently writing you to ask you if you were aware of filing a notice of appeal within the time frame applied by the court?")  He followed up on that request on March 28, 2019, with an email stating, "I do not wish to appeal the sentence what I want to appeal is the decision that the Judge made about my time. . . . I am only asking that we make a motion on that issue." (*Id.* at 13.)  Counsel clearly understood this communication as Scott indicating a desire to appeal, as co-counsel O'Neill replied "Bobbi [Sternheim] is going to take care of it but we are also outside the 15 day window to appeal.  I'm sorry."[4]  (*Id.*)

I begin by addressing the first *Strickland* prong, which asks whether counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 669.  A lawyer who disregards specific instructions from their client to file a notice of appeal "acts in a manner that is professionally unreasonable." *Flores–Ortega*, 528 U.S. at 470.  Here, Scott clearly and explicitly stated his desire to appeal in an email to his attorneys within the 14-day timeframe mandated by the Federal Rules of Appellate Procedure Rule 4(b).[5]  Further, by asking his counsel to "make a motion" on the issue of appealing calculation of his jail time, he clearly and explicitly instructed his attorney to file a notice of appeal.  Given counsel's reply to Scott, counsel clearly understood that Scott was communicating a desire and instruction to file a notice of appeal.  Counsel's failure to file a notice of appeal within 14 days, as I advised during

---

[4] As noted, the time to file a notice of appeal is within 14 days of the filing of the judgment of conviction.

[5] The Federal Rules of Appellate Procedure Rule 4(b) states that "in a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:  the entry of either the judgment or the order being appealed; or the filing of the government's notice of appeal."

sentencing and stated in Rule 4(b) of the Federal Rules of Appellate Procedure, was in contravention of Scott's instructions, and objectively professionally unreasonable. *See Flores-Ortega*, 528 U.S. at 470. Therefore, I find that Scott has satisfied the first prong of *Strickland*.

As this error led to the forfeiture of an appeal, prejudice from the error can be presumed. *Id.* at 483–84. This prejudice can be presumed even though Scott signed a plea agreement waiving his right to appeal. *Id.* at 471. Accordingly, the second prong of *Strickland* is also met.

For the above-stated reasons, I find that Scott's counsel did not effectively represent their client and preserve his appeal rights. The Government does not contest Scott's argument. Therefore, the Clerk of Court is respectfully requested to vacate and re-enter the original judgment to allow Scott or defense counsel time to file an appeal.[6]

## B. *Credit for Time Spent in Official Detention*

Scott alleges that he did not receive any time credit towards his present sentence for time he spent in custody prior to sentencing for the 2014 Robberies. (Doc. 63.) He makes two arguments related to this issue. His first argument is that the January 2016 indictment is a superseding indictment, that the additional robberies were related to the ones he was already in custody for from his 2010 Hobbs Act robbery conviction, and thus, that he should be given time credit for time served between 2016–19 for his 2019 conviction. His second argument is that he is entitled to relief under § 3585(b), and time credit for time spent in custody while awaiting his sentence. I address each argument in turn.

### 1. Relevant Conduct

The 2010 Robbery Conviction is not relevant conduct to the 2014 Robbery Conviction. Scott argues that the January 2016 indictment as a "superseding indictment", which

---

[6] By making this ruling I am not assessing whether or not Scott has any meritorious arguments to make on appeal.

charged him for "additional robberies that the government was already investigating prior to his superseding". (*See* Doc. 1.) Although not explicitly stated, I read this as Scott arguing that the superseding information filed on December 23, 2016 included conduct related to the 2010 Robbery Conviction, and thus, that Scott was entitled to receive time credit from August 6, 2014–February 25, 2019 because the conduct underlying the 2010 Robbery Conviction was part of the same course of conduct or scheme as the conduct underlying the 2014 Robbery Conviction.

This characterization is incorrect. Although it is true that the Government was already investigating the conduct that led to the January 2016 indictment during the time of his 2010 Robbery Sentencing, that does not make the conduct "relevant conduct" for the purposes of sentencing. As laid out by Probation in the presentence report and argued by the Government with no objections from the Defense, there is no evidence to suggest that the 2010 Robbery and 2014 Robberies were part of the same scheme or plan. The two schemes involved different robberies, were committed over three years apart, and were committed with different co-conspirators. (Doc. 14.) Scott raises no arguments or factual allegations apart from conclusory statements to suggest otherwise.[7] Further, the document Scott refers to is the superseding information, but it supersedes the original indictment filed on January 14, 2016, not an indictment or information filed in the resolved case resulting in the 2010 Conviction. Nothing in the superseding information suggests that involves conduct related to the 2010 Conviction. Thus, I conclude that the conduct underlying the 2010 Conviction is not relevant conduct.

---

[7] In addition, I note that at no point prior to or during his sentencing on the 2014 Robberies did Scott identify facts that demonstrate that the 2010 Robbery is related to the 2014 Robberies.

10

If a defendant is serving an undischarged term of imprisonment for conduct that is not relevant conduct, a judge may impose the new sentence on the instant offense "to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense". U.S.S.G. § 5G1.3(d). During sentencing, I considered the implications of having the new sentence run consecutive versus concurrent to Scott's undischarged term of imprisonment and determined that a sentence that ran consecutive to his undischarged term of imprisonment was appropriate. (*See* Sentencing Transcript at 18–19, *USA v. Scott et al.*, No. 16-cr-29 (S.D.N.Y. 2016), ECF No. 59.)

Because I conclude that the 2010 Robbery was not relevant conduct, granting Scott's request would allow him to get credit for the time he spent incarcerated between August 6, 2014 and February 25, 2019 in connection with both his undischarged 2010 Robbery Sentence and 2014 Robberies sentence. I had the opportunity to effectuate this outcome by imposing the 2014 Robberies sentence to run concurrent to his 2010 Robbery Sentence and I declined to do so, and I decline to do so now.

### 2. Credit for Time Served

Scott argues that he should be granted credit for time spent in custody on the 2010 Robbery Sentence because the 2014 Robberies were already being investigated while he was in custody, and thus, constituted relevant conduct. (Doc. 1 at 2.) He argues that because the acts were part of the same common scheme or plan that he is entitled under 18 U.S.C. 3585(b) to receive credit for time spent in official detention before his sentencing. *Id.* I have already addressed the relevant conduct argument, and will now address the 3585(b) argument.

I lack jurisdiction to consider Scott's request. It is well-established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the

11

defendant should receive any credit for any time spent in custody." *United States v. Montez–Gaviria*, 163 F.3d 697, 700–01 (2d Cir.1998); *see also* 18 U.S.C. § 3585(a) (providing that a defendant's sentence begins "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served").  The statutory mechanism for challenging the sentence computation of the Bureau of Prisons ("BOP") is 28 U.S.C. § 2241.  To pursue relief pursuant to 2241, an inmate must exhaust all relevant administrative remedies.  *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *see also Lesane v. Tellez*, No. 21 Civ. 2074, 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021) ("Although § 2241 does not expressly require exhaustion of administrative remedies, in this Circuit, exhaustion of administrative remedies is generally a prerequisite to habeas corpus relief under § 2241.").  Exhausting administrative remedies under BOP regulations "involves a multistep process . . . ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP." *United States v. Lopez*, No. 20 CR. 230 (JFK), 2022 WL 2340430, at *2 (S.D.N.Y. June 29, 2022) (citing *United States v. Wusebio,* No. 04 Cr. 607 (LAP), 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007)).

Scott has not demonstrated that he has exhausted the relevant administrative remedies.  Even if he had established exhaustion, a § 2241 petition must be filed in the judicial district with custody over him.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004); 28 U.S.C. §§ 2242, 2243.  Thus, the proper vehicle for judicial review would be the filing of a § 2241 habeas application in the district where Scott is incarcerated, which is the Northern District of New York.[8]  *See United*

---

[8] According to the Bureau of Prisons Inmate Locator, Scott is currently incarcerated at FCI Ray Brook, located within the judicial district of the Northern District of New York.  *See,* Bureau of Prisons, Inmate Locator https://www.bop.gov/locations/institutions/rbk/ (last visited Jul. 31, 2023).

*States v. Delacruz*, No. 16 Cr. 262 (JGK), 2022 WL 785073, at *1 (S.D.N.Y. Mar. 15, 2022) ("Any challenge to the computation of the defendant's sentence must be brought in a habeas petition pursuant to 28 U.S.C. § 2241 in a court in the district in which the defendant is incarcerated, after the defendant has exhausted all administrative remedies.").

Even if I had jurisdiction to address the merits of Scott's motion pursuant to section 3585(b), I would deny his request because he is not entitled to time credit for time spent in custody prior to sentencing. When the BOP calculates prior custody credit for time served before a sentence was imposed, 18 U.S.C. § 3585(b) requires that the defendant "receive credit only for detention time 'that has not been credited against another sentence.'" *United States v. Wilson*, 503 U.S. 329, 333 (1992) (quoting 18 U.S.C. § 3585(b)). Here, as established above, Scott was serving a federal sentence on a separate matter. Because the time between August 6, 2014 and February 25, 2019 was credited towards Scott's sentence for the 2010 Robbery, Scott is not entitled for it to also be credited towards the sentence for the instant case. Thus, Scott's motion would also fail on the merits.

**IV.   CONCLUSION**

For the above-stated reasons, I find that Scott's counsel did not effectively represent their client and preserve his appeal rights. Scott's ineffective assistance of counsel petition is GRANTED. The Clerk of Court is respectfully requested to vacate and re-enter the original judgment to allow Scott, defense counsel, or the Clerk of Court—should Scott request it—time to file an appeal.

Because Scott's 2010 Robbery Conviction is not related to his 2014 Robberies Conviction, Scott is not entitled to credit for his time in prison between 2016 and 2019, so his request for such credit is DENIED.

In addition, I find that I do not have jurisdiction to decide his petition regarding credit for time spent in custody pursuant to 18 U.S.C. § 3585(b). Even if I did, I conclude that Scott has received credit for 2010 Robbery Conviction; therefore, he should not also receive credit on his 2014 Robberies sentence. Thus, his petition regarding credit for time spent in official detention pursuant to 18 U.S.C. § 3585(b) is DENIED. The Clerk of Court is respectfully requested to mail a copy of this Opinion & Order to *pro se* Plaintiff at FCI Ray Brook, 128 Ray Brook Road, Ray Brook, NY, and to terminated the case.

SO ORDERED.

Dated: August 4, 2023
      New York, New York

                                                   Vernon S. Broderick
                                                   United States District Judge